# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGIE MCJUNKIN, an individual, | Case No.: 2:10-cv-01101-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Remand–#14) |
| WAL-MART STORES, INC., a Nevada corporation, | |
| Defendant. | |

Before the Court is Plaintiff Angie McJunkin's **Motion to Substitute DOE I and Remand** (#14), filed December 8, 2010. The Court has also considered Defendant Wal-Mart Stores, Inc.'s ("Walmart") Opposition (#16), filed December 26, 2010, and McJunkin's Reply (#17), filed January 5, 2011.

## BACKGROUND

On April 7, 2008, McJunkin was shopping for clothes at a Walmart in North Las Vegas. After making her selections, McJunkin claims she was walking into a fitting room when she slipped and fell on a liquid on the floor of the room. As a result of her fall, McJunkin allegedly suffered multiple injuries to her body. McJunkin filed a complaint against Walmart on

1

March 25, 2010, in the Eighth Judicial District Court for the State of Nevada, asserting the following claims: (1) negligence, (2) premises liability, (3) *res ipsa loquitur*, and (4) negligent hiring, training, supervision, and retention. On July 6, Walmart removed the case based on diversity jurisdiction.

During discovery Walmart disclosed the name of Helena Beltran as the employee responsible for maintaining the fitting room in question. McJunkin subsequently filed this motion asking the Court to allow her to amend her complaint to add Beltran as a defendant. In addition, because Beltran is allegedly a Nevada resident, McJunkin asks the Court to remand the case for lack of diversity. For the reasons discussed below, the Court denies McJunkin's motion.

## DISCUSSION

### I.   Legal Standard

A party may amend a pleading once "as a matter of course" within the time constraints set forth in Rule 15(a)(1) of the Federal Rules of Civil Procedure. After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent. Fed. R. Civ. P. Rule 15(a)(2). The court should grant leave "when justice so requires." *Id*. However, if after a case has been removed to federal court a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the district court has discretion to deny the joinder, or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In exercising its discretion, the court considers the following factors: (1) whether the party to be joined is needed for just adjudication and would be joined under Rule 19(a); (2) whether the statute of limitations would preclude an original action in state court against the party to be joined; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat subject matter jurisdiction; (5) whether the claims against the party to be joined appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F. Supp. 1024, 1027 (D. Nev. 1996).

AO 72
(Rev. 8/82)

## II.     Analysis

Considering the factors outlined above, the Court exercises its discretion to deny joinder of Beltran. To begin with, Beltran is not necessary for the just adjudication of this case. Any recovery for Beltran's alleged negligence can be recovered from Walmart under the doctrine of *respondeat superior*. *Burnett v. C.B.A. Sec. Service, Inc.*, 820 P.2d 750, 752 (Nev. 1991). Furthermore, there is no indication that Walmart would not be able to satisfy any judgment McJunkin obtains. And because Beltran does not own any appreciable assets, McJunkin's ability to obtain complete relief would not be prejudiced by excluding Beltran. In addition, McJunkin's ability to establish her case against Walmart would not be prejudiced because Beltran would still be available to testify and be examined regarding her conduct in connection with the alleged accident. Therefore, the only meaningful consequence that McJunkin could obtain in joining Beltran would be to destroy diversity and have the Court remand the case to the Eighth Judicial District.

Finally, McJunkin argues that she will be prejudiced in her claim against Beltran because the incident giving rise to McJunkin's claim occurred almost three years ago—well beyond the two-year period established by Nevada law. N.R.S. § 11.190(4)(e) ("an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another" may only be commenced within 2 years). However, any prejudice that this may cause to McJunkin is not sufficient to convince the Court that joinder of Beltran is necessary or proper. Accordingly, the Court denies McJunkin's motion.

///
///
///
///
///
///

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that McJunkin's Motion to Remand (#14) is DENIED.

Dated: March 16, 2011

_____
**ROGER L. HUNT**
**Chief United States District Judge**